WO KM

**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, | No. CV 09-2558-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bowden, et al., | |
| Defendants. | |

Plaintiff Francis A. Grandinetti, II, who is confined in the Corrections Corporation of America–Saguaro Correctional Center, has filed an "Application for Fed.R.Civ.P. 65 Relief and Leave to File Complaint" (Doc. #1). Petitioner has not filed a Complaint or an Application to Proceed *In Forma Pauperis*.

Although not clear, Plaintiff appears to seek an order that he be provided with medical treatment and transfered to another facility.

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible irreparable injury. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*). A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim). In other words, Plaintiff must seek injunctive relief related to the merits of his

underlying claim. Because there presently is no complaint pending, Plaintiff's request is not properly before the Court at this time.

Furthermore, temporary restraining orders are governed by Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff does not indicate that the motion was served on Defendants or that he attempted to serve his motion on Defendants. As a result, Plaintiff appears to seek a temporary restraining order without notice under Rule 65(b) of the Federal Rules of Civil Procedure. The Court may *not* grant a temporary restraining order without notice unless the applicant certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied this requirement. No reason has been offered by Plaintiff to forgo notice to the adverse party.

Accordingly, Plaintiff's motion for temporary restraining order will be denied. With respect to Plaintiff's request for leave to file a Complaint, Plaintiff is not required to seek the Court's leave before filing a Complaint and the Court will therefore deny this portion of Plaintiff's Motion as moot. Plaintiff should note that any Complaint filed by Plaintiff must be accompanied by the filing fee or an Application to Proceed *In Forma Pauperis*. The Court will direct the Clerk of Court to close this case.

**IT IS ORDERED:**

(1) Plaintiff's "Application for Fed.R.Civ.P. 65 Relief and Leave to File Complaint" (Doc. #1) is **denied without prejudice**. The Clerk of Court must close this case.

(2) The Clerk of Court must mail Plaintiff the court-approved forms for filing a civil rights complaint by a prisoner and for filing an application to proceed *in forma pauperis*.

DATED this 15th day of January, 2010.

_____
Mary H. Murguia
United States District Judge